TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00207-CR







Clifford Hofmann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0936115, HONORABLE BOB PERKINS, JUDGE PRESIDING








 Clifford Hofmann appeals from his conviction for aggravated robbery with a
firearm. Tex. Penal Code Ann. § 29.03 (West 1994). Appellant's punishment, enhanced by two
prior felony convictions, was assessed by the trial court at imprisonment for ninety-nine years. 
We will affirm the judgment of conviction.

 Appellant concedes that he was lawfully arrested but, in two points of error, urges
that evidence admitted was unlawfully seized without a warrant. The evidence that appellant
insists was not admissible was found in a tool box attached to the bed of a pickup truck in which
appellant was a passenger when he was arrested. Appellant argues that this evidence was not
obtained in a lawful inventory search and that the search in which the evidence was obtained
exceeded the scope of a proper search made incident to his arrest. We need not decide whether
the evidence was obtained in a search incident to appellant's arrest or in an inventory search
because we hold the evidence was obtained in a lawful warrantless search based on probable cause for belief that the pickup truck, which was used in the escape from the robbery, contained
weapons and the fruits of the crime. Also, the record fails to show that appellant has standing to
complain of the search.

 Although the witnesses were not in complete agreement on the part played by each
of the robbers, there is evidence that appellant entered the Kerbey Lane Cafe, an Austin
restaurant, in the early morning hours wearing a ski mask and carrying a sawed-off shotgun. The
codefendant wore a hood and brandished a knife. Employees and patrons of the cafe were robbed
of purses and other possessions. The manager escaped and called police. One of the employees
followed the robbers from the cafe and saw one of them get into a pickup truck which was driven
into a dead-end street. A police officer came to the scene and the employee described the truck
and the robbers as the truck returned. The female driver drove the truck into an apartment
complex parking lot and stopped. The driver got out and left the scene. The officer arrested and
handcuffed appellant who was in the passenger seat. Officers searched the inside of the extended
cab pickup for weapons and found the male codefendant hiding on the floor behind the front seats. 
The officers found several purses in the cab. In the tool box mounted in the bed of the truck, they
found a bag containing a sawed-off shotgun, shotgun shells, a ski mask, a knife, a zippered bag
containing Kerbey Lane receipts, and more purses.

 Automobiles and other conveyances may be searched without a warrant in
circumstances that would not justify a warrantless search of a house or office, provided there is
probable cause to believe that the automobile contains articles the officers are entitled to seize. 
Chambers v. Maroney, 399 U.S. 42, 48 (1970); Carroll v. United States, 267 U.S. 132, 156
(1925). The right to search and the validity of the seizure are not dependent on the right of arrest,
but depend on the reasonable cause the searching officer has for belief that the contents of the
automobile offend against the law. Carroll, 267 S.W.2d at 158-59. A search warrant is
unnecessary where there is probable cause to search an automobile stopped on the highway
because the automobile is moveable, the occupants alerted, and the automobile's contents may
never be found again if a warrant must be obtained. Hence, an immediate search of the
automobile is constitutionally permissible. Chambers, 399 U.S. at 51. The reasons for the
vehicle exception are two-fold. Besides the element of mobility, there is a less rigorous warrant
requirement because the expectation of privacy with respect to one's automobile is significantly
less than to one's home or office. California v. Carney, 471 U.S. 386, 391 (1985); South Dakota
v. Opperman, 428 U.S. 364, 367 (1976). The requirement of probable cause to search a vehicle
is the same as for a home or office, but the requirement for securing a warrant to search a vehicle
is less. Gandy v. State, 835 S.W.2d 238, 243 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 Probable cause for a warrantless search exists when the facts and circumstances
within the knowledge of an officer and of which he has trustworthy information are sufficient
within themselves to warrant a person of reasonable caution to believe that the instrumentalities
or the fruits of a crime are in the automobile to be searched. Carroll, 267 U.S. at 162; Brinegar
v. United States, 338 U.S. 160, 175-76 (1949).

 The Supreme Court has held that the scope of the warrantless search authorized by
the automobile exception is no broader and no narrower than a magistrate could legitimately
authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it
justifies the search of every part of the vehicle and its contents that may conceal the object of the
search. United States v. Ross, 456 U.S. 798, 825 (1982); Herring v. State, 758 S.W.2d 849, 853
(Tex. App.--Corpus Christi 1988, pet. ref'd).

 In this case, one of the victims of the robbery, moments after the robbers attempted
to escape, identified the truck and the robbers to the arresting officer. There was probable cause
to believe the escape vehicle contained the weapons used by the robbers and the fruits of the
crime. The finding of purses in the cab gave added probable cause to search the tool box in the
bed of the pickup. There was ample probable cause to search the entire vehicle under the
automobile exception allowing a search without a warrant.

 Moreover, a passenger in a vehicle does not have a legitimate expectation of
privacy in the trunk of the vehicle where the passenger fails to assert a possessory interest in the
vehicle or the property seized. Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985);
Kelley v. State, 807 S.W.2d 810, 815 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Thus,
appellant had the burden of showing, as an element of his fourth amendment claim, that he had
a reasonable expectation of privacy in the place where the evidence was found. Although
appellant argues on appeal his expectation of privacy, the record does not support his claim. 
Appellant, as a passenger in the vehicle searched, has not shown that he has standing and the
expectation of privacy necessary to require suppression of the evidence.

 The trial court's refusal to sustain appellant's motion to suppress is upheld because
of the automobile exception to the warrant requirement and because appellant lacks standing to
have the evidence suppressed. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: May 1, 1996

Do Not Publish














* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


Chambers
, 399 U.S. at 51. The reasons for the
vehicle exception are two-fold. Besides the element of mobility, there is a less rigorous warrant
requirement because the expectation of privacy with respect to one's automobile is significantly
less than to one's home or office. California v. Carney, 471 U.S. 386, 391 (1985); South Dakota
v. Opperman, 428 U.S. 364, 367 (1976). The requirement of probable cause to search a vehicle
is the same as for a home or office, but the requirement for securing a warrant to search a vehicle
is less. Gandy v. State, 835 S.W.2d 238, 243 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).

 Probable cause for a warrantless search exists when the facts and circumstances
within the knowledge of an officer and of which he has trustworthy information are sufficient
within themselves to warrant a person of reasonable caution to believe that the instrumentalities
or the fruits of a crime are in the automobile to be searched. Carroll, 267 U.S. at 162; Brinegar
v. United States, 338 U.S. 160, 175-76 (1949).

 The Supreme Court has held that the scope of the warrantless search authorized by
the automobile exception is no broader and no narrower than a magistrate could legitimately
authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it
justifies the search of every part of the vehicle and its contents that may conceal the object of the
search. United States v. Ross, 456 U.S. 798, 825 (1982); Herring v. State, 758 S.W.2d 849, 853
(Tex. App.--Corpus Christi 1988, pet. ref'd).

 In this case, one of the victims of the robbery, moments after the robbers attempted
to escape, identified the truck and the robbers to the arresting officer. There was probable cause
to believe the escape vehicle contained the weapons used by the robbers and the fruits of the
crime. The finding of purses in the cab gave added probable cause to search the tool box in the
bed of the pickup. There was ample probable cause to search the entire vehicle under the
automobile exception allowing a search without a warrant.

 Moreover, a passenger in a vehicle does not have a legitimate expectation of
privacy in the trunk of the vehicle where the passenger fails to assert a possessory interest in the
vehicle or the property seized. Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985);
Kelley v. State, 807 S.W.2d 810, 815 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Thus,
appellant had the burden of showing, as an element of his fourth amendment claim, that he had
a reasonable expectation of privacy in the place where the evidence was found. Although
appellant argues on appeal his expectation of privacy, the record does not support his claim. 
Appellant, as a passenger in the vehicle searched, has not shown that he has standing and the
expectation of privacy necessary to require suppression of the evidence.

 The trial court's refusal to sustain appellant's motion to suppress is upheld because
of the automobile exception to the warrant requirement and because appellant lacks standing to
have the evidence suppressed. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: May 1, 1996

Do Not Publish